**In the Matter of Jimmy E. FULCHER.**

**No. 983 S 344.**

Supreme Court of Indiana.

June 21, 1984.

Jimmy E. Fulcher, pro se.

Gregory M. Fudge, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

This disciplinary action was commenced by the Supreme Court Disciplinary Commission, pursuant to Ind.R.A.D. 23, Section 12, by the filing of a single-count verified complaint. The appointed Hearing Officer has now tendered to this Court his findings of fact. Neither party has petitioned for review.

There being no objection raised to such findings, this Court now adopts and accepts as its own the findings of fact as tendered by the appointed Hearing Officer.

Accordingly, we now find that the Respondent, a duly licensed attorney in this state, was employed in February, 1981, to represent a client in a bankruptcy proceeding. The Respondent was paid $360.00 for his services. The petition was filed in federal court and a meeting of creditors was scheduled for April 9, 1981; the debtors failed to appear at this meeting. The court re-scheduled the meeting of creditors for May 26, 1981, and then again on July 29, 1981; neither the debtors nor the Respondent appeared on each date. On September 1, 1981, the bankruptcy petition was dismissed.

Thereafter, Respondent represented to his client that he would prepare and file a motion to set aside the Order of Dismissal. The motion was prepared, but not filed; Respondent falsely told his client that the motion to set aside the Order of Dismissal had been filed. A demand for a refund of any unused fees was made by this client, but Respondent failed to provide an accounting or any refund.

In light of the above findings of fact, this Court now further finds that Respondent's conduct in failing to attend two creditor's meetings and failing to file a motion to set aside the dismissal order constitutes neglect of a legal matter entrusted to him in violation of Disciplinary Rule 6–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law*, and that, by falsely representing to this client that a motion had been filed, the Respondent engaged in

**328**

dishonesty and deceit in violation of Disciplinary Rule 1–102(A)(4) of the *Code of Professional Responsibility for Attorneys at Law.*

The misconduct presented in this case involves more than neglect. On two occasions, Respondent failed to appear at a scheduled hearing. By reason of this failure to appear, his client's cause was dismissed. Thereafter, Respondent did not file the requisite motion to set aside such dismissal and Respondent compounded his neglect by deceit and misrepresentation in informing his client that the motion had been filed.

The Respondent was employed as a professional, but his representation totally lacked professionalism. This client sought a solution to a personal problem but only gained another problem. This particular legal matter, although routine, required diligence, but the Respondent only provided neglect and deceit. In view of this assessment, we can only conclude that Respondent has demonstrated a total absence of understanding of his fiduciary obligations and duties. The Respondent not only has done disservice to his client, but, also, Respondent has brought discredit to the profession.

Accordingly, we now find that a period of suspension is warranted to preserve the integrity of the Bar. It is, therefore, ordered that, by reason of the misconduct found under the verified complaint filed in this cause, the Respondent be, and he hereby is, suspended from the practice of law in the State of Indiana for a period of not less than two years, beginning July 23, 1984.

Costs of this proceeding are assessed against the Respondent.